**TELOS, INC., Plaintiff,**

v.

**HAWAIIAN TELEPHONE COMPANY and General Telephone and Electronics Corporation, Defendants.**

**Civ. No. 75–0198.**

United States District Court,
D. Hawaii.

Aug. 7, 1975.

R. Patrick Jaress, Wooddell, Mukai & Ichiki, Honolulu, Hawaii, for plaintiff.

Stanley D. Robinson, Michael Malina, Kaye, Scholer, Fierman, Hays & Han- dler, New York City, C. Daniel Ward, Stamford, Conn., Marshall M. Goodsill, David L. Fairbanks, Goodsill, Anderson & Quinn, Honolulu, Hawaii, for defend- ants.

## MEMORANDUM AND ORDER

SAMUEL P. KING, Chief Judge.

Defendants have moved for an order disqualifying plaintiff's attorney, and the members of the law firm with which he is associated, from further participa- tion in this case as counsel for plaintiff.[1]

After careful consideration of all of the circumstances and of the memoran- da, affidavits, and arguments of the parties and their attorneys, I am of the opinion that defendants' motion should be granted.

Defendants refer the court to Canon 9[2] of the Code of Professional Responsi- bility adopted by the House of Delegates of the American Bar Association on Au- gust 12, 1969, to become effective on January 1, 1970, and more specifically to Ethical Consideration EC 9–3[3] and Dis- ciplinary Rule DR 9–101(B)[4] encom- passed by Canon 9.

The referenced Code of Profes- sional Responsibility has been adopted by this court.[5] Plaintiff's attorney is a member of the bar of this court.[6] Dis-

---

1. Plaintiff filed a Motion for Declaration of No Conflict of Interest on July 7, 1975, at 9:10 o'clock AM. Defendant Hawaiian Tele- phone Company filed a Motion for Disquali- fication of Counsel on the same day at 6:45 o'clock PM. There had been some previous interchange among counsel on this subject. Clearly the issue here is not whether plain- tiff's attorney is involved in a conflict of in- terest contrary to Canon 5.

2. Canon 9 reads: A lawyer should avoid even the appearance of professional impropriety.

3. EC 9–3 reads: After a lawyer leaves judi- cial office or other public employment, he should not accept employment in connection with any matter in which he had substantial responsibility prior to his leaving, since to accept employment would give the appear- ance of impropriety even if none exists.

4. DR 9–101(B) reads: A lawyer shall not accept private employment in a matter in which he had substantial responsibility while he was a public employee.

5. Rule 1(g), Rules of Civil Procedure for the United States District Court for the District of Hawaii, reads: *Conduct.* The members of the bar of this court shall be governed by and shall observe the Canons of Professional Ethics of the American Bar Association in effect at the time this amendment is adopted [May 6, 1965, effective on May 7, 1965], to- gether with any amendments of or additions to such Canons, unless such amendments or additions are specifically disapproved by the court [none have been so disapproved].

6. He was admitted to practice in this court on May 13, 1971.

qualification is an appropriate sanction for enforcement of Canon 9.[7]

■ The relevant facts which defendants rely upon as bringing plaintiff's attorney within the operational limits of Canon 9 are not disputed. From June 1971 through October 1974, plaintiff's attorney was a deputy attorney general in the Department of the Attorney General, State of Hawaii. He was, at least part of the time, assigned to the antitrust division of that department. In that capacity, he filed an action in this court[8] on behalf of the State of Hawaii and against the same defendants as in this action, seeking declaratory and injunctive relief and damages for alleged violations of the antitrust laws of the United States and of the antitrust laws and fair trade regulations of the State of Hawaii by reason of defendants' monopolization or attempted monopolization of customer equipment by various devices and acts, including the requirement of a "protective device" between independent customer equipment and defendant Hawaiian Telephone Company's lines.

Prior to the filing of this earlier action, plaintiff's attorney (then a deputy attorney general) had been involved in an investigation of defendants' competitive practices, with special reference to the treatment of independent interconnect companies.[9]

The present action parallels the earlier action. The plaintiff here is an independent interconnect company instead of the State of Hawaii, but the defendants are the same in both actions and the relevant allegations of the earlier complaint are repeated verbatim in the later complaint. Telos, Inc., seeks the same declaratory relief, and treble damages on the same basis, as the State of Hawaii.

Plaintiff's attorney argues that the earlier State action and this action involve different matters, that he did not have substantial responsibility in connection with the matter involving the State action, that the canon applies only when the private employment requires him to take a position adverse to or inconsistent with a position he advocated in his public employment, and that he may avoid any appearance of professional impropriety by representing plaintiff without compensation.

While plaintiff's attorney depreciates his involvement in the earlier State matter on the basis that all he did was to plagiarize from the decision in another antitrust case in this court,[10] I find that he had substantial responsibility in the earlier State action.[11]

I find also that the State's action in Civil No. 74–206 and Telos, Inc.'s action here relate to the same matter, that is, the competitive practices of defendants with respect to the furnishing of customer equipment.[12]

■ The contention that the ethical considerations underlying this aspect of

7. *Hilo Metals Company, Ltd. v. Learner Company*, 258 F.Supp. 23 (D.Hawaii 1966); *General Motors Corporation v. City of New York*, 501 F.2d 639 (2d Cir. 1974).

8. Civil No. 74–206, filed August 28, 1974.

9. Documents, records, information, and inquiries pursuant to an investigation demand under State law were directed to plaintiff's attorney. He appeared in the State courts to handle returns on subpoenas requiring witnesses to appear and give oral testimony on the subject. He represented the State at a meeting at which defendant Hawaiian Telephone Company explained its method of pricing customer equipment. He sought to participate in a proceeding of the Public Utilities Commission of the State of Hawaii to bring to that body's attention what he saw as the antitrust implications of a tariff filed by defendant Hawaiian Telephone Company covering an electronic PABX communication system for a newly-constructed municipal building.

10. *International Telephone and Telegraph Corporation v. General Telephone & Electronics Corporation and Hawaiian Telephone Company*, 351 F.Supp. 1153 (D.C. Hawaii 1972).

11. Signing a complaint is, in my opinion, by itself, except in rare circumstances the exercise of substantial responsibility.

12. As stated above, Telos, Inc.'s complaint is a copy of the State of Hawaii's complaint with modifications appropriate to the status of each plaintiff.

Canon 9 do not come into play unless there is a conflict or inconsistency between the earlier public interest and the later private interest has already been decided against plaintiff's attorney.[13] As pointed out by Judge Kaufman, the ethical problem raised here "does not stem from the breach of confidentiality bred by a conflict of interest but from the possibility that a lawyer might wield Government power with a view toward subsequent private gain."[14]

Finally, plaintiff's present attorney cannot continue as counsel of record nor participate in court proceedings even if he were to do so without compensation. The ethical consideration and disciplinary rule that apply to this situation do refer to "private employment" which ordinarily implies compensation. On the other hand, there are benefits other than fees that may be derived from the prosecution or defense of a private action. It is not unknown in the practice of law for an attorney to volunteer his services in a case in order to establish or promote his reputation and exposure as bases for future gain. The "appearance of professional impropriety" exists when a former public employee actively pursues in private litigation a matter in which he had substantial responsibility while a government attorney whether or not he charges his client for his professional services. I interpret the phrase "private employment" in this context as meaning no more than that the attorney in question has agreed to represent the private litigant.

Plaintiff's attorney suggests that Canon 9 as thus interpreted and applied may be invalid on constitutional grounds.[15] I accept as doctrine that the power to regulate the professional conduct of attorneys cannot be used to infringe constitutional rights,[16] and that the courts should not ignore the practical effect of an excess of ethical fervor that unnecessarily restricts freedom of attorneys, clients, and our system of free enterprise.[17] Neither consideration applies to the situation before this court. Plaintiff's attorney is not deprived of the opportunity to make a living from the practice of law [18] and plaintiff is not prevented from obtaining substitute counsel.[19]

Plaintiff has filed an affidavit [20] with the court in which he sets forth why he wishes to keep his present attorney. He alleges a lack of knowledgeable substitute counsel in Hawaii, the financial burden of retaining mainland counsel or briefing new local counsel, and his resentment at not being allowed to retain counsel of his own choice. But the same

---

13. *See General Motors Corporation v. City of New York,* 501 F.2d 639, 650 (2d Cir. 1974).

14. *Id.* at 650 n. 20. *See also* Opinion No. 37 (May 4, 1931) of the ABA Committee on Professional Ethics and Grievances.

15. He cites: *NAACP v. Button,* 371 U.S. 415, 83 S.Ct. 328, 9 L.Ed.2d 405 (1963), and its progeny, *Railroad Trainmen v. Virginia Bar,* 377 U.S. 1, 84 S.Ct. 1113, 12 L.Ed.2d 89 (1964), and *Mine Workers v. Illinois Bar Association,* 389 U.S. 217, 88 S.Ct. 353, 19 L.Ed.2d 426 (1967) ; *Schware v. Board of Bar Examiners,* 353 U.S. 232, 77 S.Ct. 752, 1 L.Ed.2d 796 (1957), and *Konigsberg v. State Bar,* 353 U.S. 252, 77 S.Ct. 722, 1 L. Ed.2d 810 (1957). The Seventh Circuit Court of Appeals recently held that DR 7–107(G) of the Code of Professional Responsibility was overbroad. The Honolulu Advertiser, August 5, 1975, page C–1. While

these cases support the general proposition that there are constitutional limits upon the restrictions that may be placed on lawyers' activities in the name of ethics, the holdings are inapposite here.

16. *NAACP v. Button, supra,* n. 15.

17. *See Emle Industries, Inc. v. Patentex, Inc.,* 478 F.2d 562 (2d Cir. 1973) ; *Silver Chrysler Plymouth, Inc. v. Chrysler Motors Corp.,* 370 F.Supp. 581 (E.D.N.Y.1973).

18 He does not even make this claim.

19. Notwithstanding plaintiff's assertion that there are no other knowledgeable attorneys in Hawaii to represent him, I am aware of several members of the bar of this court who practice in the area of antitrust law.

20. Exhibit C to Memorandum in Opposition to Motion for Disqualification of Counsel, filed July 31, 1975.

considerations that make a former public employee a desirable private counsel are the bases for the prohibitions of Canon 9.[21]

██ It is axiomatic that what one member of a firm cannot do, the firm cannot do.

The motion for disqualification of counsel is granted, and

It is so ordered.

---

21. The desires of litigants can hardly be a firm base upon which to construct a code of professional responsibility.